```
                                                    FILED
         UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF ALABAMA
              MIDDLE DIVISION                  '97 JUL 28 AM 11:08

EDWARD INGRAM, as personal      }              U.S. DISTRICT COURT
representative of the Estate    }                N.D. OF ALABAMA
of Lorenzo Ingram, Sr.,         }
Deceased,                       }   CIVIL ACTION NO.
                                }
         Plaintiff,             }   CV 96-AR-0494-M     cho
                                }
    vs.                         }
                                }                 ENTERED
CORRECTIONAL MEDICAL            }
SERVICES, INC., et al.,                          JUL 28 1997

         Defendants.
```

### MEMORANDUM OPINION

The court has before it the cross motions of plaintiff and of defendant, Correctional Medical Services, Inc. ("CMS"), for partial summary judgment. Plaintiff requests that this court enter partial summary judgment pursuant to Rule 56 Fed. R. Civ. P. declaring first, that Ingram, who was an inmate in the State penal system, was a third-party beneficiary to the contract entered into between CMS and the State of Alabama, whereby CMS contracted to provide health care services to inmates, and second, that CMS, pursuant to its contract with the State, was and is precluded from delegating its duties under said contract to third parties. CMS requests that this court summarily hold that defendant, Eager Americans Serving Together, Inc., d/b/a

1

Southeast Dialysis ("SED") is an independent contractor and that CMS is not liable for any negligent acts of SED employees. Finding that no genuine issues of material fact exist with respect to plaintiff's motion, this court determines that summary disposition pursuant to Rule 56 is appropriate as to plaintiff's motion. In addition, because plaintiff concedes that SED is an independent contractor, CMS's motion for summary judgment will be granted with respect to said claim. However, because genuine issues of fact exist with respect to CMS's motion claiming that it is not liable for any negligent acts of SED employees, CMS' motion will be denied with respect to said claim.

## I. Pertinent Undisputed Facts

The State of Alabama is required to provide adequate and safe health care to inmates in the Alabama prison system. Accordingly, the State either must directly provide the required health care services to the inmates or must contract for those services to be provided by private entities. In 1994, the State, through its Department of Corrections ("DOC"), sought a "vendor to manage and deliver a system that will provide comprehensive health care to all inmates in the State penal institutions of Alabama."

On March 15, 1994, CMS submitted a proposal to the DOC to provide inmate health services. In its proposal CMS expressly

2

stated that it would "continue the provision of dialysis services at the St. Clair facility through the current subcontracted agreement." (Plaintiff's evidentiary submission in support of motion for summary judgment at Ex. D, at 47). In addition, CMS represented in its proposal that

> [L]egal liability protection and support is provided in the form of professional liability insurance and defense counsel to CMS employees and independent contractors. CMS insurance protection allows insurance coverage for both the health care independent contractors and employees.

(*Id.* at 16). Furthermore, the proposal contained a Certificate of Insurance which states that "[t]his policy provides coverage for all physicians and dentists, including physicians, dentists and professional corporations . . . employed or contracted by the above Named Insured [CMS], while they are working for or on behalf of the above Named Insured." (*Id.* at Appendix C).

On August 8, 1994, CMS and DOC entered into a health services agreement. The agreement provided that

> DOC hereby engages CMS to provide for the delivery of reasonable and necessary medical, dental, and mental healthcare to Inmates as provided herein. . . . It is understood that CMS will furnish all services provided for in this Agreement beginning 12:01 A.M., November 20, 1994. . . . CMS shall be responsible for the provision of all medical . . . technical and supportive personnel necessary for the rendering of healthcare services to the Inmates.

(Plaintiff's evidentiary submission in support of motion for

3

summary judgment at Ex. A, ¶ 2.1, 2.2, & 2.5).

Pursuant to the contract between DOC and CMS, CMS was permitted to "enter into subcontracts for the health care delivery program." (Id. at ¶ 13.1). In addition, the contract provided that "<u>CMS will provide legal representation, at its own expense, in defending all suits against it or its personnel and subcontractors and will pay all judgments and costs rendered against it and its personnel and subcontractors in said suits</u>." (Id. at ¶ 5.3)(emphasis added).

After obtaining the contract, CMS sub-contracted with SED to provide "out-patient, chronic hemodialysis services to inmates" at the St. Clair correctional facility. Pursuant to CMS' contract with the DOC, CMS had the responsibility to insure that all medical personnel were licensed and registered in their respective employment areas and the responsibility to periodically evaluate personnel, equipment and healthcare services. Accordingly, the contract between CMS and SED provided that CMS may inspect and review SED's services in progress when desired by CMS.

Lorenzo Ingram, Sr. ("Ingram"), was an inmate at St. Clair correctional facility in Springville, Alabama during December 1995. During December 1995, Ingram suffered from renal disease, which required that he receive hemodialysis treatment three times

4

per week. Numerous other inmates received the same treatment at St. Clair correctional facility. The dialysis treatment at issue in the instant action was provided by SED. Ingram died due to alleged negligence in the administration of dialysis at St. Clair correctional facility.[1]

## II. Analysis

### A. Rule 56

Rule 56 states, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F. R. Civ. P. 56(c). The obvious was stated by the Eleventh Circuit as follows: "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994).

### B. Third-Party Beneficiary

It is clear and undisputed in Alabama, that a person who seeks recovery in contract as a third-party beneficiary must establish that the contract was for his direct, in contrast to

---

[1] Because the facts underlying the cause of Ingram's death are not pertinent to these cross motions for summary judgment, the court will dispense with a lengthy rendition of said facts.

5

incidental, benefit. *See Harris v. Board of Water and Sewer Comm'rs of the City of Mobile*, 320 So. 2d 624, 628 (Ala. 1975). Furthermore, in order to recover under a third-party beneficiary theory, the party must demonstrate that the contract entered into for the benefit of said party was breached. *See Sheetz, Aiken & Aiken, Inc. v. Spann, Hall, Ritchie, Inc.*, 512 So. 2d 99, 101-02 (Ala. 1987).

In the instant action, plaintiff is seeking a ruling that his decedent was, as a matter of fact and law, a third-party beneficiary, so that plaintiff can sue on the contract for its breach. *See Weninegar v. S.S. Steele & Co., Inc.*, 477 So. 2d 949, 955-56 (Ala. 1985)(finding that plaintiffs are third-party beneficiaries to a contract and therefore, are entitled to sue on the contract for its breach). Consequently, the issue before the court is whether the contract was entered into to bestow a direct benefit upon a third party and whether Ingram was the intended beneficiary.

The contract between CMS and DOC provides as follows "DOC hereby engages CMS to provide for <u>the delivery of reasonable and necessary medical, dental, and mental healthcare to Inmates</u> as provided herein." (Plaintiff's evidentiary submission in support of motion for summary judgment at Ex. A, ¶ 2.1)(emphasis added). Further, the contract states that "<u>CMS shall be responsible for</u>

6

<u>the provision of all medical, psychiatric, dental, technical and supportive personnel necessary for the rendering of healthcare services to Inmates</u>." (Id. at ¶ 2.5)(emphasis added). Inmates is defined as persons "sentenced by the courts, and transferred, to the care and custody of the DOC." (*Id.* at ¶ 1.14). Ingram was an inmate as defined in the contract.

It is clear to the court that the contract was entered into with the intent to provide direct benefits to inmates in the state of Alabama penal system, who rely upon these health care services to maintain their well-being. *See Dupont v. Yellow Cab Co. of Birmingham*, 565 So. 2d 190, 192 (Ala. 1990)(finding that a contract which stated that "Yellow Cab will transport the physically handicapped students" intended to and did bestow a direct benefit on said students). Because Ingram was an inmate in the state of Alabama penal system, he was the intended beneficiary of the instant contract. Accordingly, plaintiff's motion for summary judgment with respect to whether Ingram is a third-party beneficiary to the contract between CMS and DOC is due to be granted. Plaintiff is entitled to sue on the contract for its breach.

### C. Duty

The contract entered into between CMS and DOC allowed CMS to enter into subcontracts for the delivery of health care services

but also provided:

> CMS will provide legal representation, at its own expense, in defending all suits against it or its personnel and subcontractors and will pay all judgments anc costs rendered against it and its personnel and subcontractors in said suits.

(Plaintiff's evidentiary submission in support of motion for summary judgment at Ex. A, ¶ 13.1 & 5.3).

The evidence reflects that after CMS and DOC entered into their contract, CMS entered into a contract with SED whereby SED would provide all "out-patient, chronic hemodialysis services to inmates" at the St. Clair correctional facility. Accordingly, the question before the court is whether CMS must assume responsibility for any negligent acts of SED.

CMS argues that it contracted with SED as an independent contractor,[2] and therefore, it is not liable for any negligent acts performed by SED. With respect to whether a general contractor is liable for the acts of an independent subcontractor, "Alabama cases hold as a general rule that a prime contractor is not liable for the acts of an independent subcontractor whom [it] has employed." *Clark v. Jackson*, 549 So. 2d 85, 86 (Ala. 1989)(citations omitted). However, there are

---

[2] CMS contracted to provide all the healthcare services to Inmates at the St. Clair correctional facility. Thereafter, CMS contracted out a portion of that work to SED as an independent contractor. Plaintiff concedes that SED is an independent contractor but asserts that SED is an independent subcontractor. This court agrees.

8

three exceptions to the general rule. *See Wheeler v. Wright*, 668 So. 2d 779, 782 (Ala. Civ. App. 1995). Consequently, a general contractor is not liable for the negligent acts of an independent subcontractor unless (1) the general contractor retains control over the work and worksite; (2) the work is of such a kind that the doing of it, however carefully or skillfully performed, will probably result in damage, or is necessarily and intrinsically dangerous; or (3) a provision in the contract makes the general contractor's duties non-delegable. *See Elder v. E.I. DuPont De Nemours & Co.*, 479, So. 2d 1243, 1249 (Ala. 1985).

Without addressing the first two exceptions, it is clear to the court that CMS had a nondelegable duty to "provide legal representation, at its own expense, in defending all suits against . . . subcontractors and [] pay all judgments and costs rendered against . . . subcontractors in said suits." (Plaintiff's evidentiary submission in support of motion for summary judgment at Ex. A, ¶ 5.3). Because SED is a subcontractor, CMS must assume responsibility for any negligent acts of SED. "[O]ne who by contract or law is due certain obligations to another cannot divest himself of liability for negligent performance by reason of the employment of such contractor." *Dixie Stage Lines v. Anderson*, 134 So. 23, 24 (Ala. 1931). Accordingly, plaintiff's motion for summary judgment is

9

due to be granted.

Plaintiff's Rule 56 motion will be granted and CMS' Rule 56 motion will be granted in part and denied in part by separate and appropriate order.

DONE this 28th day of July, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT