FILED
97 SEP 17 PM 1:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 17 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ED INGRAM, as personal }
representative of the Estate }
of Lorenzo Ingram, Sr., }
Deceased, }
} CIVIL ACTION NO.
}
Plaintiff }
} CV-96-AR-0494-M
}
vs. }
}
}
CORRECTIONAL MEDICAL
SERVICES, INC., et al.,

Defendants

## MEMORANDUM OPINION

The court has before it the motion of defendant, Correctional Medical Services ("CMS"), to reconsider an order and memorandum opinion entered in the above-referenced case on July 28, 1997. In its order, the court, *inter alia*, granted partial summary judgment for CMS to the limited extent of declaring that defendant, Eager Americans Serving Together, Inc. d/b/a Southeast Dialysis ("SED"), was found to be an independent contractor. This matter is perhaps of no consequence because, in the memorandum opinion accompanying said order, the court concluded that certain non-delegable duties imposed under the contract between CMS and the Alabama Department of Corrections (DOC) required CMS to assume responsibility for any negligent acts of SED.

The court also has before it CMS's motion to dismiss plaintiff's claim for medical negligence.

Both motions were taken under advisement by the court following the September 12, 1997, motion docket. For the reasons set out below, both motions will be denied.

## I. Motion to Reconsider

### A. Rule 59(e)

As an initial matter, the court observes that, in general, the "final order rule" prohibits an appeal from partial grants of summary judgment except when there is a finding pursuant to Fed.R.Civ.P. 54(b). Nevertheless, pursuant to Fed.R.Civ.P. 59(e), counsel may seek reconsideration of a grant or denial of partial summary judgment by making a motion for reconsideration addressed to the trial court. As Professor Moore observes:

> A party losing a summary judgment motion on the basis of what appears to be clear judicial error ordinarily is most likely to obtain review by immediately seeking reconsideration pursuant to Rule 59(e) and briefing the motion to illustrate the alleged error. Reconsideration motions, as a species of new trial motions pursuant to Rule 59, must be made within 10 days of entry of judgment or are considered untimely. The court has no discretion to extend the time for making a Rule 59 motion.

11 *Moore's Federal Practice*, § 56.30[8][e] (3d ed.) (emphasis supplied).

CMS filed its motion to reconsider thirty (30) days after

the partial summary judgment it now asks the court to reconsider. In effect, this is a motion for a new trial on a serious question already determined by the court. The authority cited above suggests that the court should not consider said motion because it is untimely.

However, the court does not read Rule 59(e) to provide the only means by which this court can reconsider its actions. For example, one can easily imagine a situation where, in one case, this court rules one way on an issue that is not dispositive of the entire case, and eleven days later the United States Supreme Court takes the opposite stance on the same issue. In that situation, this court clearly would have discretion to reconsider its earlier ruling before entering its final ruling in the case before it. By extension, if the court, *sua sponte*, can revisit its earlier rulings at any time prior issuing a final dispositive order, then it has the discretion to do so at the suggestion of a party notwithstanding the passage of the 10-day deadline imposed by Rule 59(e).

### B. *CMS's Nondelegable Duties*

CMS asks the court to "re-examine the issue of whether the agreement between [DOC] and [CMS] prohibited CMS from delegating contractual duties contained in the agreement." In so doing, CMS argues that the court has misinterpreted the CMS-DOC contract

3

provision that requires CMS to indemnify DOC and to defend suits against CMS personnel and its subcontractors. (Def's Motion to Reconsider, Ex. A, ¶ 5.3). CMS claims that nothing in this, or any other, provision of the contract being considered prohibits the delegation of contractual duties. CMS claims, therefore, that it cannot be held responsible for the negligence of SED, an independent contractor. CMS supports this position by noting that other contract provisions expressly authorize subcontracting for services, and by quoting deposition testimony that discusses industry practices consistent with such subcontracting of particularized medical services. CMS asserts that, at a minimum, the CMS-DOC contract creates an ambiguity that a jury must resolve.

It is clear that CMS misunderstands the court's ruling of July 28, 1997. Nothing in the court's order or the accompanying memorandum opinion suggests that the court read the CMS-DOC contract to completely prohibit the delegation of contractual duties. Rather, the court merely read certain provisions of the CMS-DOC contract to leave with CMS the ultimate responsibility for fulfilling certain duties, whether "delegable" or "non-delegable." The use of the word "non-delegable" to describe those duties was not intended mean that CMS was precluded from employing independent contractors. It is the existence of these

so-called "non-delegable" duties, not any finding that CMS cannot subcontract for the performance of such duties, that makes CMS liable for any negligence by SED. CMS is hung up on semantics. Apparently, this court did not make itself clear in its earlier opinion.

Having laid any confusion to rest, the court now reiterates that several provisions of the CMS-DOC contract impose so-called "non-delegable" duties on CMS. In addition to the contract provision cited in the court's earlier opinion, ¶ 3.1 of the CMS-DOC contract requires that "<u>CMS shall make provision for the reasonable and necessary medical, psychiatric, and dental care of all Inmates</u>, including . . . referral of Inmates who, in the judgment of an examining physician provided by CMS, <u>require specialized care by medical consultants or in medical facilities outside the correctional system</u>" (emphasis supplied). This provision clearly requires CMS to provide dialysis services to Alabama prison inmates. Likewise, ¶ 3.3 provides that "CMS shall insure that health care treatment for Inmates is rendered . . . <u>in an appropriate manner and in accordance with sound medial practice under the circumstances</u>" (emphasis supplied). This provisions requires CMS to insure that the medical services it provides, either directly or by subcontractor, are rendered in a medically sound manner. Obviously, when taken together, these

5

two provisions impose a "non-delegable" duty on CMS that makes it responsible for the negligence of SED.

The case of <u>Fuller v. Tractor & Equipment Co., Inc.</u>, 545 So.2d 757 (Ala. 1989) supports this conclusion. In <u>Fuller</u>, the Alabama Supreme Court held a general contractor liable for the negligence of an <u>independent contractor</u> it hired to install an air conditioner on a tractor the general contractor sold to the plaintiff's employer. The court explained this decision by noting that:

> [the plaintiff's employer] contracted with T&E for the sale of a front-end loader with air conditioning. In the event that the air conditioning was not installed properly, [the plaintiff's employer] would look to T&E to rectify the problem. T&E undertook to provide air conditioning under the contract for sale and was thereby bound with the <u>non-delegable</u> duty to ensure that the air conditioning was installed in a reasonable manner.

<u>Id.</u> at 759 (emphasis supplied).

Like the defendant in <u>Fuller</u>, CMS agreed under the CMS-DOC contract to provide Inmates with dialysis in a manner consistent with sound medical practice. In other words, CMS had a nondelegable duty to ensure that SED provided dialysis services in a reasonable manner. As such, CMS is responsible for SED's negligence, and nothing put forward by CMS convinces the court otherwise. CMS's motion to reconsider is not well taken.

6

## II. Motion to Dismiss Medical Negligence Claim

CMS urges the court to dismiss plaintiff's claim for medical negligence. At the September 12, 1997, motion docket, plaintiff explained that he is pursuing only a wrongful death cause of action based on alleged medical malpractice, not a medical negligence claim *per se*. The court will hold plaintiff to this concession. Accordingly, CMS's motion to dismiss plaintiff's claim for medical negligence will be denied.

## Conclusion

CMS's motion to reconsider and its motion to dismiss plaintiff's medical negligence claim will be denied by separate and appropriate order.

DONE this 17th day of September, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT